# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES M. RAPER, JR.**                                                                               **PLAINTIFF**

V.                                    CASE NO.  4:21-cv-01236 JM

**CREWS PURYEAR, Judge,**
**10th Judicial District**                                                                            **DEFENDANT**

## ORDER

James M. Raper Jr., in custody at the Drew County Detention Facility, moved to proceed *in forma pauperis* and filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 2, 15). Raper's motion to proceed *in forma pauperis* (Doc. 15) is granted; however, his complaint will be dismissed for failure to state a claim on which relief may be granted.

**I.**     ***In Forma Pauperis* Application**

Raper's motion to proceed *in forma pauperis* (Doc. 15) is granted, but he must pay the full filing fee of $350. Based on the calculation sheet provided, Raper will not be required to pay an initial partial filing fee. His custodian or any future custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(2). The clerk is directed to send a copy of this order to:  the Administrator of the Drew County Detention Facility, 106 South Main, Monticello, Arkansas 71655. Payments are to be forwarded to the clerk with Raper's name and case number clearly identified.

**II.  Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for

relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Discussion

Raper sues District Judge Crews Puryear under 28 U.S.C § 1983 in both his official and personal capacity. (Doc. 2). In his complaint, Raper alleges Judge Puryear "has used his power as a judge to jail [him] and keep [him] incarcerated for personal reasons." (*Id*. at 4). As examples, Raper says in 2021 Judge Puryear "placed a FTA" on him and left him jailed for over 200 days while refusing three requests to lower his bond. (*Id*. at 4-5). Raper requests money damages, an apology, release from prison, and Judge Puryear's resignation.

A review of Arkansas's case management system reveals that Raper once was charged with failing to appear but that the charge was nolle prosssed in January 2019. *See State v. Raper*, 22CR-18-168.  No other charges of failing to appear could be located. Raper is, however, currently facing a number of state criminal charges for burglary and theft before Judge Puryear. *See State v. Raper*, 22CR-18-100; *State v. Raper*, 19CR-20-20; *State v. Raper*, 22CR-21-21; and *State v. Raper*, 22CR-21-24.

Although the Court often will refrain from addressing constitutional allegations while a state case remains pending; here, there is no such need. Judge Puryear is absolutely immune from suit for actions he took in his judicial role. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). And, nothing in the complaint establishes that Judge Puryear acted either outside of his judicial

capacity or absent jurisdiction. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). Accordingly, Judge Puryear is entitled to absolute immunity from Raper's damages claims. Further, release from custody is not an available remedy in a section 1983 action. The sole remedy for a prisoner seeking release from prison is to file a federal *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Raper's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 28th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE